Mario Pittoni, J.
The petitioner requests an order directing the “ Commissioners of Election to cease and desist from the creating of the 124th Election District, and prohibiting any further action on the part of the Commissioners of Election toward the creation of said 124th Election District.”
It appears that the Board of Elections, pursuant to subdivisions 2 and 3 of section 64 of the Election Law, divided the 8th Election District of the 5th Assembly District in the Town of Hempstead so as to create the 8th and the 124th Election Districts. The division was made by the board before July 1, 1961 and was to take effect October 1, 1961. This was done because *676 it was shown that after the general election of 1960 the old 8th Election District had. 1,294 registered voters.
The Election Law commands that ‘1 Any * * * division * * * of election districts * * # shall be made on or before July first, to take effect on the ensuing first day of October” (§ 64, subd. 2) and that each election district shall be compact in form and in number (§ 64, subd. 3).
The petitioner complains that he was elected a Democratic County Committeeman for the 8th Election District on Primary Day, September 7, 1961, and that he is aggrieved by the split of his district in that he now lives in the proposed new 124th Election District. He says that neither he nor any other voters in the district were notified of the proposed division until after September 7, 1961, Primary Day. But section 64 has no such requirement and no other law has been offered to impose that burden upon the Board of Elections. Furthermore, he concedes that he is still a Committeeman whether it is in the 8th or the 124th Election District. Under the circumstances, he has not shown how he is in any way an aggrieved party.
Even if he were an aggrieved party, section 64 of the Election Law, which has been in effect for many years and has been resorted to hundreds and perhaps thousands of times by election boards in the State, was enacted to afford voters of the State reasonable and sufficient opportunity to vote. Where the registered voters of an election district exceed a certain number, section 64 authorizes a division of the district to guarantee the voters the opportunity to exercise their right to vote on the stated election days without being impeded by too great a concentration of voters in that one district. In short, the individual desire or convenience of a County Committeeman must yield to the public good.
In summary, the respondent Commissioners of Election have fully complied with subdivision 2 of section 64 of the Election Law. The petition is dismissed and the stay is vacated.